IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEAVET WEISNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-01028-S-BT |
| | § | |
| WELLS FARGO BANK NA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sheavet Weisner, who is proceeding *pro se*, has failed to comply with orders to attend a Rule 16 conference and respond to a Show Cause Order. As a result, she has failed to prosecute her case. The Court should strike her pleadings and dismiss her claims without prejudice.

On April 4, 2019, Plaintiff filed an Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction in the 160th Judicial District Court of Dallas County, Texas, seeking to prevent the foreclosure of her home located in Dallas, Texas. Defendant Wells Fargo Bank NA timely removed the case to federal court under 28 U.S.C. § 1446 on the basis of federal question and diversity jurisdiction. In its Notice of Removal, Defendant averred that Plaintiff filed her lawsuit two days after the scheduled foreclosure sale date. Removal Notice at 2, ¶ 2 (ECF No. 1).

On May 8, 2019, the Court entered an Order Requiring a Rule 16 Scheduling Conference to occur on June 5, 2019, at 9:30 A.M. Order (ECF No. 6). On June 5, 2019, at 9:30 A.M., Defendant's counsel appeared for the scheduling conference as ordered, but Plaintiff did not. When Plaintiff failed to appear at the scheduling conference, the Court issued a Show Cause Order requiring Plaintiff to file a written response showing good cause for failing to appear in court on June 5, 2019. Order at 2 (ECF No. 8). The Court ordered Plaintiff to file her response by July 3, 2019, and warned Plaintiff that failure to comply with the Show Cause Order "may result in appropriate sanctions, including a recommendation to the District Court that this case be dismissed without prejudice for failure to comply with the Court's orders or failure to prosecute pursuant to Federal Rules of Civil Procedure 16(f) and/or 41(b)." *Id.* To date, Plaintiff has not filed a response to the Show Cause Order.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) & (C). Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A) (iii) & (v). Additionally, Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with

the federal rules or any court order. Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has failed to comply with orders to participate in a scheduling conference and respond to a Show Cause Order. She has failed to prosecute her case. The Court previously warned Plaintiff that failure to comply with the Court's orders could result in sanctions, including a recommendation to the District Court that this case be dismissed without prejudice. Under these circumstances, the District Court should strike Plaintiff's pleadings and dismiss her claims without prejudice under Rules 16(f) and 41(b).

**SO ORDERED**.

July 12, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

- 3 -

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).